IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BREANN K. OVERFIELD,

        Plaintiff,

v.

                                        Case No. 19-2014-JWB

STARBUCKS CORPORATION,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's Motion to Enforce Settlement Agreement. (Doc. 29.) The motion is fully briefed and ripe for review. (Docs. 30; 36; 39.) For the reasons stated herein, Defendant's motion is GRANTED IN PART and DENIED IN PART.

**I. Background**

On January 11, 2019, Plaintiff Breann K. Overfield, then-proceeding *pro se*, filed a form employment discrimination Complaint in this Court against Defendant Starbucks Corporation. (Doc. 1.) Plaintiff ultimately gained representation by counsel (*see* Doc. 3), Defendant filed its Answer (Doc. 6), and the Court held a scheduling conference and ordered the parties to participate in mediation on or before October 18, 2019 (*see* Doc. 14). In August, Plaintiff filed her First Amended Complaint (Doc. 21) and Defendant filed its First Amended Answer (Doc. 22). The parties scheduled a mediation for September 12, 2019 (*see* Doc. 25) and notified the Court that the case settled at mediation that evening (Doc. 26). Defendant attaches the communications between the mediator and the parties in support of its motion, which provide:

    Here are the agreed-to material terms:
    1. Payment of [a sum] + D pays mediator's fee.
    - lawyers will work out 1099 / W2 / Fee split

> - settlement to P to be paid within 30 days of signed settlement agreement
> 2. No representations by D about taxability of settlement payment(s) and related indemnity term related to P tax decisions
> 3. Complete dismissal of lawsuit w prejudice and complete release and dismissal of all claims, charges, and Ds + covenant not to sue based on released claims (need to dismiss pending charges)
> 4. P will keep settlement confidential – liquidated damages of $2500
> 5. No reapplication or rehire
> [Defendant's counsel's] office will draft the final and full settlement agreement with [Plaintiff's counsel], to be worked through by the parties.
> Please confirm with your "Yes, Agree" reply.

(Doc. 30-1, at 3.) Sent at 6:10 PM by the mediator after an approximately 9.5-hour mediation session, this set of terms is followed by confirmation of "Yes, agreed" by counsel for both parties within the next five minutes. (*Id.* at 2.)

With a report of settlement on the record, the Court entered an order administratively closing the case, directing the parties to file their stipulation of dismissal no later than November 1, 2019. (Doc. 27.) Ultimately, no stipulation was filed. As the parties' briefing makes clear, Plaintiff hoped to obtain a settlement including a condition that Defendant would promulgate a revised policy regarding breastfeeding in the workplace. At some point in negotiations, Defendant presented Plaintiff with a copy of a workplace lactation policy, though Defendant represents that this was a then-existing policy implemented approximately six months prior to the mediation.[1] Plaintiff ultimately refused to sign the written agreement.

Plaintiff's counsel moved to withdraw (Doc. 28), and the Court granted the motion (Doc. 35).[2] Defendant moves to enforce the terms agreed upon by e-mail at mediation. Plaintiff argues that she has refused to sign the written agreement because it lacks a revised policy for breastfeeding in the workplace, which she states was a material term of the settlement; that her

---

[1] While Defendant's timeline places the implementation of its new policy prior to the date of mediation, this time is also somewhere between two and three months after Plaintiff filed suit.

[2] Plaintiff's counsel moved to withdraw, at Plaintiff's request, prior to Defendant filing the instant motion. *See* Doc. 28, at 2.

counsel inadequately explained the settlement to her during mediation; and that Defendant's omission of the breastfeeding policy amounts to a misrepresentation or breach in the course of the settlement process.

**II. Standard**

Because plaintiff proceeds *pro se* in her response to this motion, the court construes her filings liberally, as required, but may not act as her advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III. Analysis**

**A. Enforcement of Settlements**

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). When deciding issues involving the formation, construction, and enforceability of a settlement agreement, the court applies state contract law. *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000). "Settlement agreements need not be in writing to be enforceable under Kansas law." *Lowery v. Cty. of Riley*, 738 F. Supp. 2d, 1159, 1167 (D. Kan. 2010); *see Lewis v. Gilbert*, 785 P.2d 1367, 1368–69 (Kan. Ct. App. 1990). In Kansas, "generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." *Krantz v. Univ of Kan.*, 21 P.3d 561, 567 (Kan. 2001). "The formation of a binding agreement requires "a meeting of the minds as to all essential terms." *Augusta Bank & Tr. v. Broomfield*, 643 P.2d 100, 106 (Kan. 1982). This determination is an objective one, "the relevant inquiry is the manifestation of a party's intention, rather than the actual or real intention." *Sw. & Assocs., Inc. v. Steven Enters., LLC*, 88 P.3d 1246, 1249 (Kan. Ct. App. 2004) (quotation omitted).

Here, the terms of the parties' negotiated settlement are clear.  After many hours of assisted negotiations, the mediator presented both sides with a sheet of proposed material terms.  The proposed agreement would contain five fairly standard material terms: (1) payment; (2) confirmation that Defendant was not making representations as to taxability; (3) Plaintiff would dismiss her claims and charges with prejudice, and covenant not to sue on the same; (4) confidentiality and liquidated damages; and (5) no application or rehire.  If either party wanted the settlement to include or exclude a particular obligation, they needed only to continue negotiating material terms.  Instead, both parties responded "Yes, agreed."  These communications objectively manifested an assent to be bound to the material terms communicated by the mediator, and thus form a settlement.

The Court is mindful that in many instances, settlement disputes may require an evidentiary hearing to resolve disputes as to material facts.  *See Hardage*, 982 F.2d at 1496–97 (remanding to resolve dispute of whether settlement offer had been effectively withdrawn); *Chicano Police Officer's Ass'n v. Stover*, 624 F.2d 127, 131–32 (remanding for material consideration of whether lump sum was intended to cover attorneys' fees).  This is not such a case.  Plaintiff's position is not a challenge to the meaning or scope of a material term, or to whether the parties' communications are sufficient to form a settlement.  It is instead that her real intent differed from the objective manifestation of that intent communicated to the mediator.  The parties' objective manifestation controls, and she—through counsel—objectively manifested agreement to the material terms presented by the mediator.  *See Connor v. Hammer*, 439 P.2d 116, 118-19 (Kan. 1968) (recognizing effective settlement formed by attorneys' communications). Accordingly, Defendant's request to enforce the settlement is granted as follows:

-4-

The parties' settlement is comprised of the terms agreed upon in mediation, and only those terms. Plaintiff shall comply with her obligation to dismiss all claims and charges, other than this case, within 15 days of the date of this order, and provide proof thereof to Defendant. Within 5 days of receiving proof of Plaintiff's compliance with the preceding sentence, Defendant shall tender to Plaintiff payment of all amounts owed to Plaintiff under the settlement agreement. Promptly thereafter, Defendant shall file a motion to dismiss this case with prejudice pursuant to the settlement agreement and certify in said motion that all amounts owed to Plaintiff have been paid by Defendant.

**B. Attorneys' Fees**

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber v. Haegar*, 137 S. Ct. 1178, 1186 (2017). This includes "the ability to fashion an appropriate sanction," such as "an assessment of attorney's fees . . . instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 44–45 (1991)). The existence of "bad faith" is a subjective determination. *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006). It is not enough that a claim or action be pursued merely incorrectly, the litigant's conduct must also demonstrate bad intent or improper motive. *See id.* at 1153.

Defendant asks the Court to order Plaintiff to pay the costs of this motion, arguing "Plaintiff's attempt to repudiate the agreement now, after agreeing to all material terms, shows her bad faith and abuse of the judicial process, and should be sanctioned by the Court." (Doc. 38, at 8.) But Plaintiff's position is clear: she sought to repudiate a settlement because she thought it would contain a term that it does not. Plaintiff's misunderstanding logically explains

her actions without requiring an automatic conclusion that she acted with bad intent. This single instance of misunderstanding does not yet rise to the level of subjective bad faith. Accordingly, the Court takes Defendant's request under advisement, retaining jurisdiction over and reserving decision on this issue. If Plaintiff timely complies with this order, the Court will deny Defendant's request for fees. If Plaintiff has not fulfilled her obligations under this order within 15 days from the date of this order, Defendant may supplement its request for attorneys' fees and the court will consider the request when fashioning an appropriate sanction for Plaintiff's non-compliance.

### IV. Conclusion

The Court's October 1, 2019 administrative order (Doc. 27) is VACATED.

Defendant's Motion to Enforce Settlement Agreement (Doc. 29) is GRANTED IN PART. Defendant's request to enforce the terms of the settlement agreement is GRANTED as described herein. Defendant's request for attorneys' fees associated with the instant motion, under the Court's inherent power to impose sanctions, is TAKEN UNDER ADVISEMENT.

Dated this 19th day of June, 2020, at Wichita, Kansas.

 s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE